**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIBEL LOPEZ-MARTINEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-712-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Maribel Lopez-Martinez's Corrected Petition for a Writ of Habeas Corpus, ECF No. 2. Lopez-Martinez is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 18, 32, 34. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 36–113; *id.* at 31.

Lopez-Martinez is a Guatemalan citizen who entered the United States in 2018 with her two children. *Id.* ¶ 24. Shortly after entry, Lopez-Martinez and her children were detained by immigration authorities and then released on their own recognizance. *Id.* ¶¶ 25–28. In 2019, Lopez-Martinez applied for asylum. *Id.* ¶ 30. An immigration judge ("IJ") denied her asylum application and issued an order of deportation, which has been appealed and remains pending at the Board of Immigration Appeals ("BIA"). *Id.* Her deportation order is stayed during the pendency of the BIA appeal. *Id.* During this time, Lopez-Martinez was not in detention, and had valid work authorization. *See id.* ¶ 31.

On September 4, 2025, Customs and Border Control ("CBP") conducted a workplace raid at Nutrition Bar Confectioners in Cato, New York, and arrested and detained Lopez-Martinez.

*Id.* ¶¶ 31–32.  Although her appeal was pending and her deportation order was stayed, Lopez-

Martinz was removed to Guatemala on September 7.  *Id.* ¶ 32; *see id.* ¶ 30.  But, on November

13, the Department of Homeland Security ("DHS") returned Lopez-Martinez to the United States

"under a grant of significant public benefit parole."  *Id.* ¶¶ 3, 32.  Since her return, DHS has

detained Lopez-Martinez at the ERO El Paso Camp East Montana facility in El Paso, Texas.  *Id.*

¶¶ 18, 32, 34.  She requested a custody redetermination before an IJ, who denied the request on

December 16 "on the ground that it lacked jurisdiction."  *Id.* ¶ 33.  Lopez-Martinez then filed this

Petition, and the Court ordered Respondents to show cause.  Dec. 22, 2025, Show Cause Order,

ECF No. 3.

    The Court has granted relief in the form of a bond hearing to immigration habeas

petitioners under materially similar circumstances, finding a procedural due process violation.

*See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex.

Sept. 22, 2025).  The only notable difference this case presents is that Lopez-Martinez was

apparently wrongfully deported, brought back to the country, and granted "significant public

benefit parole."  Pet. ¶¶ 3, 32.  Yet, Respondents do not acknowledge these facts at all, much less

explain the significance, if any, of the wrongful deportation, subsequent return, and continued

detention of Lopez-Martinez.  *See generally* Resp., ECF No. 4.

    Respondents also fail to discuss *Lopez-Arevelo* or explain why the Court's reasoning in

that case does not compel the same result here.  *See generally id.*  In their only fleeting citation to

it, they appear to concede that *Lopez-Arevelo* is directly on point and contrary to their legal

position.  *See id.* at 7 ("That the alien in *Thuraissigiam* failed to request his own release in his

prayer for relief does not make the holding any less binding here.  *But see Lopez-Arevelo v. Ripa*,

No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").  As for this Court's other

recent immigration habeas decisions, Respondents do not discuss, or even mention, them.  *See generally id.*

Instead, Respondents offer boilerplate.  Throughout its many decisions on this topic, the Court has rejected nearly every legal argument raised in the Response.[1]  *Compare* Resp. 1–8, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.  It is Respondents' prerogative to preserve these arguments for appeal.  Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Lopez-Martinez's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] Respondents make a novel argument that orders issued in the Central District of California regarding mandatory detention under 8 U.S.C. § 1225(b) are not preclusive and do not separately entitle Lopez-Martinez to the relief she requests.  Resp. 10–17.  The Court need not reach this issue because it finds that Lopez-Martinez succeeds on her own procedural due process claim, assessed independently of the California decision.

[2] The relevant facts—including, as discussed, Lopez-Martinez's unusual deportation and return to the United States—are apparently undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

The Court **ORDERS** that, **on or before January 14, 2026**, Respondents shall either: (1) provide Lopez-Martinez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Lopez-Martinez's continued detention; or (2) release Lopez-Martinez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 14, 2026**, Respondents shall **FILE** notice informing the Court whether Lopez-Martinez has been released from custody.  If Lopez-Martinez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 14, 2026, deadlines.**

**SO ORDERED**.

**SIGNED** this 7th day of January, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4